NO. 07-05-0109-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 22, 2006
_____

DONALD HICKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408202; HON. JIM BOB DARNELL, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Donald Hicks (appellant) appeals his conviction for burglary of a habitation with intent to commit theft. The clerk's record was filed on July 8, 2005, a supplemental clerk's record was filed on November 3, 2005, and the reporter's record was filed on October 21, 2005. Thus, appellant's brief was due to be filed no later than December 5, 2005. That date passed without appellant filing a brief, however. So, on December 6, 2005, this court notified appellant that neither the brief nor an extension of time to file the brief had been

received by the court, and unless a brief or a response was filed by December 16, 2005, the appeal would be abated to the trial court. No response or brief was received within the deadline, and we abated the appeal to the trial court on December 20, 2005. However, the matter was reinstated after counsel filed a motion for extension of time. We granted the motion and extended the deadline to January 21, 2006. On January 23, 2006, counsel for appellant filed another motion to extend the deadline which motion we again granted. The deadline was extended to February 14, 2006; however, this time we admonished counsel that no further extensions would be granted and if the brief was not filed by that date, the appeal would be abated to the trial court. Rather than comply with our directive, appellant's counsel filed a third request for extension. The reasons purportedly justifying it differ little from those mentioned in his other motion, and all involve his workload.

We deny the motion. Counsel's failure to timely file a brief on behalf of appellant has denied appellant the effective assistance of counsel. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief). Consequently, we remand the cause to the trial court with directions to determine if appellant is indigent and cares to prosecute this appeal. If appellant is and does, then the trial court is directed to relieve Kelly Clark as counsel for appellant and appoint another attorney to represent appellant on appeal. We further direct the trial court to include the order appointing new counsel in a supplemental record and cause same to be filed with

2

this court no later than March 15, 2006.  Should additional time be needed to perform these tasks, the trial court may request same on or before March 15, 2006.

It is so ordered.

Per Curiam

Do not publish.